Filed: 2/3/2015 9:56:33 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Lucy Van De Loo Deputy
Envelope ID: 3995732

NO. 417-00496-2015

| | | |
|---|---|---|
| BRUCE AUDINO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HARTFORD CASUALTY INSURANCE COMPANY | § | |
| | § | |
| Defendant | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, BRUCE AUDINO, hereinafter referred to as ("Plaintiff"), file this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendant, Property and Casualty Insurance Company of Hartford ("Hartford"), and in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2. Bruce Audino ("Plaintiff") resides in Collin County, Texas.

3. Defendant Property and Casualty Insurance Company of Hartford is an insurance company doing business in Texas that may be served through its Registered Agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III.
### JURISDICTION & VENUE

4. This court has subject matter jurisdiction of this cause of action because it involves

an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

5. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

6. Venue is proper in COLLIN County, Texas because the insured property is situated in COLLIN County.

## IV.
## FACTS

7. Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Hartford. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located at 711 Forest Oaks Dr., Fairview, Collin County, Texas (the "Property"). Plaintiff has been a policyholder of Hartford since he purchased the home.

8. On or about April 4, 2014, during the policy period, a severe wind and hail storm caused covered damage to the Subject Property. The storm caused extensive damage to Plaintiff's roof, door, window screens, awning, air conditioning units, gazebo and pool filter requiring repair or replacement.

9. Shortly after the storm, plaintiff noticed damage to his home. He contacted Hartford by telephone to notify Hartford of the damage.

10. Plaintiff submitted a claim to Hartford against the policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

11. Plaintiff asked that Hartford honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

12. Defendant Hartford assigned Russell Fiori ("Fiori") and Steven Najera ("Najera") to adjust the Claim. Both Fiori and Najera, on behalf of Hartford, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time investigating Plaintiff's claimed losses. Najera was not cooperative, quickly discounted damages pointed out to him by the Plaintiff and refused to discuss the damage with the Plaintiff's roofer.

13. After this thoroughly inadequate and perfunctory observation of Plaintiff's home, Najera, for Hartford, verbally misrepresented to Plaintiff that the roof had sustained minimal damage as a result of the storm and that hail damage to collateral items was minimal and would not exceed Plaintiff's deductible. Fiori repeated this misrepresentation, on behalf of Hartford Casualty Insurance Company, in a letter to Plaintiff dated May 13, 2014.

14. Najera and Fiori, on behalf of Hartford, set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant thereby artificially undervalued Plaintiff's losses and/or found that obviously covered damage had no coverage.

15. Defendant Hartford failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the policy. All conditions precedent to recovery upon the

3

policy have been performed by Plaintiff. Hartford's conduct constitutes a breach of the insurance contract between Hartford and Plaintiff.

16. Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendant misrepresented to Plaintiff that the Policy did not provide any coverage to Plaintiff, falsely claiming that Plaintiff's home had not been damaged. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

17. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to the Plaintiff under the Policy. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

18. Defendant refused to compensate Plaintiff under the terms of the Policy even though it failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.060(a)(7).

19. Defendant failed to offer Plaintiff a reasonable explanation for why his claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Hartford failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

21.     Hartford failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Hartford has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23.     Since the time Plaintiff's claim was presented to Defendant Hartford, the liability of Hartford to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Hartford has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Hartford's duty of good faith and fair dealing.

24.     Defendant knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant knowingly concealed all or part of material information from Plaintiff.

25.     To date, Plaintiff has yet to receive full payment to which the Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of the Defendant's actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair his property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.    Breach of Contract**

26.     Defendant Hartford had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Defendant Hartford breached the terms of

that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

27. Defendant Hartford is therefore liable to Plaintiff for breach of contract.

**B.     Prompt Payment of Claims Statute**

28. The Claim is a claim under an insurance policy with Defendant Hartford Casualty Insurance Company, of which Plaintiff gave Defendant Hartford proper notice. Defendant Hartford is liable for the Claim.

29. Defendant Hartford violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

   a. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms that Defendant Hartford reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

   b. Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

   c. Delaying payment of the Claim following Defendant Hartford's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

30. Defendant Hartford is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.     Unfair Settlement Practices/Bad Faith**

31. Each of the foregoing paragraphs is incorporated by reference in the following.

32. As explained further herein, Defendant violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

33. Defendant Hartford engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;
   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;
   c. failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
   d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and
   e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

34. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Hartford and was a producing cause of Plaintiff's damages. Defendant Hartford is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**D.  DTPA**

35. Each of the foregoing paragraphs is incorporated by reference here fully.

36. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, and the products and services form the basis of this action.

37. Defendant has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

a. Defendant represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

b. Defendant represented that goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have;

c. Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumers into a transaction that the consumers would not have entered into had the information been disclosed;

d. Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code;

e. Generally engaging in unconscionable courses of action while handling the claim; and/or

f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

38. As a result of Defendant's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendant is liable to Plaintiff for violations of the DTPA.

39.     Further, Defendant knowingly and/or intentionally committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### E. Breach of Duty of Good Faith and Fair Dealing

40.     Defendant Hartford breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant Hartford knew or should have known that liability was reasonably clear. Defendant Hartford's conduct proximately caused Plaintiff's damages.

41.     Defendant Hartford is therefore liable to Plaintiff.

### F. Attorneys' Fees

42.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

43.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

44.     Plaintiff is additionally or alternatively entitled to reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

45.     Plaintiff is additionally or alternatively entitled to reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

46.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

9

## X.
## JURY TRIAL DEMAND

47. Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

48. Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

49. You are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

50. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citation issue and that, upon final hearing of the case, Plaintiff recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*[signature: Bryant Fitts]*

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  888-467-5581

**ATTORNEYS FOR PLAINTIFF**